UNITED STATES U.S. DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

Matthew Isaac Felder,

                  Plaintiff,

      -against-

Warner Bros. Discovery, Inc.,

                Defendant.

------------------------------------------------------- X

Claim No. 1:23-cv-08487

**ANSWER TO COMPLAINT**

      Defendant Warner Bros. Discovery, Inc. ("Defendant" or "WBD"), by and through its counsel, Littler Mendelson, P.C., for its Answer to the Plaintiff's Complaint dated September 26, 2023 (the "Complaint") responds as follows:

## NATURE OF THE ACTION

      1.      Admits the allegations in Paragraph 1 of the Complaint.

      2.      Denies the allegations in Paragraph 2 of the Complaint except admits that male employee "M.S." sexually harassed a female representative of "the client" and admits WBD punished Plaintiff.

      3.      Denies the allegations in Paragraph 3 of the Complaint except admits Plaintiff had a duty to ensure other employees complied with WBD policies and denies knowledge or information sufficient to form a belief as to the truth of how Plaintiff felt when WBD terminated his employment.

      4.      Denies the allegations in Paragraph 4 of the Complaint except admits Plaintiff had a duty to ensure other employees complied with WBD policies.

5.      Denies the allegations in Paragraph 5 of the Complaint except admits WBD terminated employee "M.S."

6.      Denies the allegations in Paragraph 6 except admits WBD terminated Plaintiff's employment for cause.

7.      The allegations in Paragraph 7 of the Complaint are legal conclusions as to which no response is required.

8.      Admits that Plaintiff seeks the relief set forth in Paragraph 8 of the Complaint, and denies that Plaintiff is entitled to such relief or to any relief against Defendant.

## JURISDICTION AND VENUE

9.      Admits the allegations in Paragraph 9 of the Complaint.

10.     The allegations in Paragraph 10 of the Complaint are legal conclusions as to which no response is required. To the extent a response is required, WBD denies that this Court has supplemental jurisdiction over non-federal claims.

11.     The allegations in Paragraph 11 of the Complaint are legal conclusions as to which no response is required.

12.     Denies knowledge or information sufficient to form a belief as to the truth of where Plaintiff served the Complaint as alleged in Paragraph 12 of the Complaint.

13.     Denies the allegations in Paragraph 13 of the Complaint, except admits on June 28, 2023, the EEOC issued Plaintiff a notice informing him of the right to sue under Title VII.

## PARTIES

14.     Denies the allegations in Paragraph 14 of the Complaint, except admits Plaintiff worked for WBD and predecessor companies from in or around April 2004 until in or around August 2022 and that Plaintiff worked in New York, New York.

15.     Admits the allegations in Paragraph 15 of the Complaint.

## BACKGROUND

16.     Admits the allegations in Paragraph 16 of the Complaint.

17.     Admits the allegations in Paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19.     Admits the allegations in Paragraph 19 of the Complaint.

20.     Admits the allegations in Paragraph 20 of the Complaint.

21.     Admits the allegations in Paragraph 21 of the Complaint.

22.     Admits the allegations in Paragraph 22 of the Complaint.

23.     Admits the allegations in Paragraph 23 of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of what Mr. Steinlauf called Plaintiff as alleged in Paragraph 24 of the Complaint.

25.     Admits the allegations in Paragraph 25 of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of what "the account executive" stated to Plaintiff as alleged in Paragraph 26 of the Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of what "the account executive" stated to Plaintiff and admits that the Warner Media team obtained

approval to cover their share of the event and that Mr. Spicer has been a Vice President at Warner Media longer than Plaintiff had been a Vice President at Discovery.

28.     Denies the allegations in Paragraph 28 of the Complaint except admits Plaintiff sent an email to his supervisors and requested approval to use Discovery funds to purchase a suite for the concert.

29.     Admits the allegations in Paragraph 29 of the Complaint.

30.     Denies the allegations in Paragraph 30 of the Complaint except admits that on June 27, 2022, Michele Kornett informed Plaintiff that Greg Regis approved his request to use corporate funds to purchase a suite for the Elton John Concert.

31.     Denies the allegations in Paragraph 31 of the Complaint except admits that Plaintiff knew the date, time, and accommodation information related to the event.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint except admits that Company clients and WBD employees were invited and in attendance at the event.

33.     Denies the allegations in Paragraph 33 of the Complaint.

34.     Admits to the allegations in Paragraph 34 of the Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint.

37.     Denies the allegations in Paragraph 37 of the Complaint except denies knowledge or information sufficient to form a belief as to the truth of what Plaintiff learned and admits Plaintiff was the most senior executive from Discovery at the event and admits Mr. Spicer, a VP

at Warner Media, also approved funding of the event and attended the concert but denies Mr. Spicer attended any other portion of the event.

38.    Denies knowledge or information sufficient to form a belief as to the truth of why Plaintiff decided to attend the event and admits Plaintiff attended the event as alleged in Paragraph 38 of the Complaint.

39.    Denies knowledge or information sufficient to form a belief as to the truth of when Plaintiff checked into his hotel and admits Plaintiff rode in the bus to and from the concert at Gillette Stadium as alleged in Paragraph 39 of the Complaint.

40.    Denies the allegations in Paragraph 40 of the Complaint except admits the event included a tailgate that included, but was not limited to, seating, tables, décor and drinks (both non-alcoholic and alcoholic), and food.

41.    Denies knowledge or information sufficient to form a belief as to the truth of what compliments were made about the set up of the tailgate as alleged in Paragraph 41 of the Complaint.

42.    Denies the allegations in Paragraph 42 of the Complaint except admits that WBD's policy prohibited drinking alcohol in excess.

43.    Denies the allegations in Paragraph 43 of the Complaint except denies knowledge or information sufficient to form a belief as to the truth of what Plaintiff saw when he arrived at the concert and admits there were additional alcoholic drinks served in the suite at the event.

44.    Admits the allegations in Paragraph 44 of the Complaint.

45.    Admits Plaintiff knew M.S. was married and that M.S. did not directly report to Plaintiff as alleged in Paragraph 45 of the Complaint and denies knowledge or information sufficient to form a belief as to whether Plaintiff knew M.S. well.

46.     Admits that within the first hour of the concert Plaintiff knew that the female client-employee was intoxicated and could not support herself to stand up as alleged in Paragraph 46 of the Complaint.

47.     Denies the allegations in Paragraph 47 of the Complaint except admits at some point in the evening Plaintiff asked M.S. to leave the client-employee alone and admits Plaintiff had a professional relationship with client-employee's supervisor.

48.     Admits the allegations in Paragraph 48 of the Complaint.

49.     Denies knowledge or information sufficient to form a belief as to the truth of what the client-employee's supervisor expressed to Plaintiff as alleged in Paragraph 49 of the Complaint.

50.     Admits the allegations in Paragraph 50 of the Complaint.

51.     Admits Plaintiff asked M.S. to leave the client-employee alone but denies M.S. left client-employee alone.

52.     Denies knowledge or information sufficient to form a belief as to the truth as to what client-employee's supervisor said to Plaintiff and admits client-employee's supervisor took client-employee to the bathroom and that Plaintiff found M.S. exiting the bathroom that the client-employee's supervisor and her report were in.

53.     Denies the allegations in Paragraph 53 of the Complaint except admits Plaintiff became aware that M.S. kissed the client-employee and grabbed the client-employee's supervisor.

54.     Denies knowledge or information sufficient to form a belief as to what client-employee supervisor said to Plaintiff and admits Plaintiff carried client-employee from the concert to the parking lot and back on the bus because of client-employee's state of intoxication.

55.    Denies knowledge or information sufficient to form a belief as to the truth of whether Plaintiff stepped off the bus at any time and his activity outside the bus as alleged in Paragraph 55 of the Complaint.

56.    Denies the allegations in Paragraph 56 of the Complaint but admits Plaintiff witnessed M.S. sit next to client-employee and denies knowledge or information sufficient to form a belief as to the truth of how Plaintiff felt when he witnessed this.

57.    Denies the allegations in Paragraph 57 of the Complaint but admits M.S. touched client-employe on the bus.

58.    Denies the allegations in Paragraph 58 of the Complaint but admits M.S. and the client-employee were at some point physically separated on the bus.

59.    Denies the allegations in Paragraph 59 of the Complaint but denies knowledge or information about what Plaintiff believed and admits individuals attempted to reach the client-employee's roommate and learned that the roommate was out of town.

60.    Denies the allegations in Paragraph 60 of the Complaint but admits Plaintiff offered to get a hotel room for client-employee and admits Plaintiff put client-employee in a room with a female WBD employee.

61.    Denies knowledge or information sufficient to form a belief as to what client-employee supervisor said to Plaintiff and admits Plaintiff carried client-employee to a hotel room and left her with a female WBD employee.

62.    Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 62 of the Complaint.

63.     Admits the allegations in Paragraph 63 of the Complaint except denies knowledge or information sufficient to form a belief as to what time Plaintiff arrived in New York.

64.     Admits Plaintiff did not report what occurred at the event until Monday August 1, 2022.

65.     Denies the allegations in Paragraph 65 of the Complaint except admits Ms. Kornett was out of the office on Friday July 29, 2022.

66.     Denies the allegations in Paragraph 66 of the Complaint except denies knowledge or information sufficient to form a belief as to what time Plaintiff arrived in New York.

67.     Denies the allegations in Paragraph 67 of the Complaint except denies knowledge or information sufficient to form a belief as to what Plaintiff wanted and understood.

68.     Denies the allegations in Paragraph 68 of the Complaint except admits Plaintiff reported some of what occurred during the events of July 28, 2022, on August 1, 2022.

69.     Denies the allegations in Paragraph 69 of the Complaint except admits Ms. Kornett told Mr. Regis what Plaintiff had told her.

70.     Denies the allegations in Paragraph 70 of the Complaint.

71.     Denies the allegations in Paragraph 71 of the Complaint except admits Plaintiff spoke with client-employee's supervisor at some point after the events of July 28, 2022.

72.     Denies the allegations in Paragraph 72 of the Complaint except admits Plaintiff spoke with client-employee's supervisor at some point after the events of July 28, 2022.

73.     Denies the allegations in Paragraph 73 of the Complaint except admits that Plaintiff spoke with Mr. Regis and Ms. Kornett after he spoke with client-employee supervisor.

74.     Denies the allegations in Paragraph 74 of the Complaint except admits Mr. Regis reported what Plaintiff told him to Mr. Steinlauf and Human Resources.

75.     Denies the allegations in Paragraph 75 of the Complaint.

76.     Denies the allegations in Paragraph 76 of the Complaint except admits Plaintiff spoke with Ms. Wingert on or around August 2, 2022.

77.     Denies the allegation in Paragraph 77 of the Complaint except admits in or around August 2 or 3, 2022, Mr. Steinlauf, Mr. Regis, Ms. Wingert and Ms. Herrera met with the client and admits nobody who had attended the events on July 28, 2022, were present for this meeting.

78.     Denies the allegations in Paragraph 78 of the Complaint.

79.     Denies the allegations in Paragraph 79 of the Complaint except admits Plaintiff met with a WBD investigator on August 5, 2022.

80.     Admits the allegations in Paragraph 80 of the Complaint.

81.     Denies the allegations in Paragraph 81 of the Complaint but admits Plaintiff and Ms. Wingert spoke on or around this date.

82.     Admits the allegations in Paragraph 82 of the Complaint.

83.     Denies the allegations in Paragraph 83 of the Complaint.

84.     Denies the allegation in Paragraph 84 of the Complaint but admits that WBD terminated Plaintiff.

85.     Admits the allegations in Paragraph 85 of the Complaint.

86.     Admits the allegations in Paragraph 86 of the Complaint.

87.     Denies the allegations in Paragraph 87 of the Complaint but admits Plaintiff was the most senior ranking executive during events that occurred on July 28, 2022 and that violations of WBD's alcohol policy occurred.

88.     Admits the allegations in Paragraph 88 of the Complaint.

89.     Denies the allegations in Paragraph 89 of the Complaint but admits the "entertainment" before the concert had not been approved by Mr. Regis.

90.     Denies the allegations in Paragraph 90 of the Complaint but admits Plaintiff stated he believed his termination was retaliatory.

91.     Denies the allegations in Paragraph 91 of the Complaint.

92.     Admits Plaintiff was terminated for cause and as such Plaintiff was ineligible for bonus, unvested deferred compensation and severance and denies WBD's classification of his termination was improper.

93.     Denies the allegations in Paragraph 93 of the Complaint.

94.     Denies the allegation in Paragraph 94 of the Complaint except admits Mr. Spicer separated from WBD through a voluntary separation program.

95.     Denies the allegations in Paragraph 95 of the Complaint except admits WBD did not discipline Mr. Regis, Ms. Kornett or any other individual involved in approving Plaintiff's request on June 23, 2022, that corporate funds be used to pay for a suite at the Elton John Concert.

96.     Denies the allegations in Paragraph 96 of the Complaint except admits that WBD disciplined others related to their misconduct during the events of July 28, 2022, including issued employees written warnings.

97.     Denies the allegations in Paragraph 97 of the Complaint except admits that WBD investigated the presence of marijuana edibles at the events of July 28, 2022.

98.     Denies the allegations in Paragraph 98 of the Complaint except admits that marijuana edibles were present at the events on July 28, 2022, and admits Mr. Spicer attended the concert portion of the events.

99.     Denies the allegations in Paragraph 99 of the Complaint except denies knowledge or information sufficient to form a belief as to who consumed marijuana edibles.

100.    Denies the allegations in Paragraph 100 of the Complaint.

101.    Denies the allegations in Paragraph 101 of the Complaint except admits there was alcohol served at the TNT All-Star Weekend and the New York Wine & Food Festival.

102.    Denies the allegations in Paragraph 102 of the Complaint.

103.    Denies the allegations in Paragraph 103 of the Complaint.

104.    Admits the allegations in Paragraph 104 of the Complaint.

105.    Denies the allegations in Paragraph 105 of the Complaint except to the extent Paragraph 105 refers to a document, the document speaks for itself and requires no answer.

106.    Denies the allegations in Paragraph 106 of the Complaint except to the extent Paragraph 106 refers to a document, the document speaks for itself and requires no answer from WBD.

107.    Denies the allegations in Paragraph 107 of the Complaint except admits WBD's client complained and that WBD investigated allegations raised by WBD's client.

108.    Denies the allegations in Paragraph 108 of the Complaint except to the extent Paragraph 108 refers to a document, the document speaks for itself and requires no answer from WBD.

109.    Denies the allegations of Paragraph 109 of the Complaint.

110.    Denies the allegations of Paragraph 110 of the Complaint.

111.    Admits the allegations in Paragraph 111 of the Complaint.

112.    Denies the allegations in Paragraph 112 of the Complaint except admits WBD terminated Plaintiff's employment and WBD engaged in training.

113.    Denies the allegations in Paragraph 113 of the Complaint except to the extent Paragraph 113 refers to a document, the document speaks for itself and requires no answer from WBD.

114.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Complaint.

115.    Denies the allegations in Paragraph 113 of the Complaint except to the extent Paragraph 113 refers to a document, the document speaks for itself and requires no answer from WBD.

116.    Denies the allegations in Paragraph 116 of the Complaint except to the extent Paragraph 116 refers to a document, the document speaks for itself and requires no answer.

117.    Denies the allegations in Paragraph 117 of the Complaint except to the extent Paragraph 117 refers to a document, the document speaks for itself and requires no answer.

118.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 of the Complaint.

119.    Denies the allegations in Paragraph 119 of the Complaint except to the extent Paragraph 119 refers to a document, the document speaks for itself and requires no answer and except admits Plaintiff was the senior leader during the events of July 28, 2022 and that violations of the Alcohol Policy occurred.

120.    Denies the allegations in Paragraph 120 of the Complaint except to the extent Paragraph 120 refers to a document, the document speaks for itself and requires no answer and except admits Plaintiff helped organize and participated in events where numerous attendees became overly and unsafely intoxicated; Plaintiff failed to remove or monitor the male employee; and Plaintiff did not immediately report events that required immediate reporting.

121.    Denies the allegations in Paragraph 121 of the Complaint except to the extent Paragraph 121 refers to a document, the document speaks for itself and requires no answer from WBD.

122.    Denies allegations in Paragraph 122 of the Complaint except admits WBD trains its workforce on sexual harassment prevention.

123.    Denies the allegations in Paragraph 123 of the Complaint except to the extent the allegations are duplicative of prior allegations, WBD refers to its prior answers to these allegations.

124.    Denies the allegations in Paragraph 124 of the Complaint.

## FIRST CAUSE OF ACTION

### Retaliation Under Title VII

125.    WBD repeats and realleges each and every response to the allegations contained in Paragraphs 1 through 124 of the Complaint with the same force and effect as if fully set forth herein.

126.    Denies the allegations in Paragraph 126 of the Complaint.

127.    Denies the allegations in Paragraph 127 of the Complaint.

128.    Denies the allegations in Paragraph 128 of the Complaint.

## SECOND CAUSE OF ACTION

### Retaliation under the NYSHRL

129.    WBD repeats and realleges each and every response to the allegations contained in Paragraphs 1 through 128 of the Complaint with the same force and effect as if fully set forth herein.

130.    Denies the allegations in Paragraph 130 of the Complaint.

131.    Denies the allegations in Paragraph 131 of the Complaint.

132.    Denies the allegations in Paragraph 132 of the Complaint.

## THIRD CAUSE OF ACTION

## Retaliation Under the NYCHRL

133.    WBD repeats and realleges each and every response to the allegations contained in Paragraphs 1 through 132 of the Complaint with the same force and effect as if fully set forth herein.

134.    Denies the allegations in Paragraph 134 of the Complaint.

135.    Denies the allegations in Paragraph 135 of the Complaint.

136.    Denies the allegations in Paragraph 136 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies each and every allegation and demand for judgment or damages that is set forth in Paragraphs A-J and the additional paragraph of the WHEREFORE paragraph of the Complaint and further denies that Plaintiff is entitled to any other form of relief.

## JURY DEMAND

137.    Denies the allegation that Plaintiff is entitled to a jury trial.

## DEFENSES

Defendant asserts the following defenses, without assuming the burden of proof on any defense, except as required by applicable law as to the particular defense asserted. Defendant reserves the right to assert additional defenses and/or otherwise to amend or supplement this Answer as additional facts or evidence become known.

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted and/or upon which prejudgment interest can be awarded.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction, waiver, laches, estoppel, comparative fault, contributory fault, and/or the applicable statute of limitations.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that he has failed to timely and/or properly exhaust all necessary administrative, procedural, statutory, and/or jurisdictional prerequisites for commencement of this action.

## FOURTH DEFENSE

Plaintiff's claims are barred because the employment actions about which he complains were based on legitimate, non-retaliatory factors, and alternatively, if they were not, then the same actions would have been taken regardless.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent he failed to exercise reasonable diligence to mitigate his damages. Alternatively, if Plaintiff did mitigate his damages, Defendant is entitled to an offset against any damages allegedly due to Plaintiff.

## SIXTH DEFENSE

To the extent Plaintiff is seeking punitive damages, Defendant did not engage in any intentional wrongdoing, nor did it depart from any prescribed or known standard of action, nor did it engage in any willful, wanton, malicious, reckless, or egregious conduct, and, consequently, no sufficient basis exists to support a claim for punitive damages.

## SEVENTH DEFENSE

To the extent that Plaintiff claims he suffered any emotional distress, there was no intent to inflict such emotional distress on Plaintiff and such distress was not severe or outrageous.

## **EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any retaliatory behavior by having established anti-retaliation policies that contain procedures for complaining about, investigating and preventing retaliation, and Plaintiff unreasonably failed to take action, pursuant to those policies and procedures or otherwise, to be free from the alleged retaliation or otherwise avoid harm.

## **NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendant was not aware of the alleged retaliatory behavior and/or did not encourage, condone, ratify, acquiesce, or approve any alleged retaliation. To the extent that any employees engaged in any conduct that may be construed as having violated the law, such actions were outside the scope of their employment, were contrary to policies and directives, and not done in the furtherance of business interests.

## **TENTH DEFENSE**

Defendant established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory and retaliatory practices, including harassment, by employees and agents, including but not limited to:

(a) a meaningful and responsive procedure for investigating complaints of discriminatory practices, including harassment, by employees and agents and for taking appropriate action against those persons who are found to have engaged in such practices;

(b) a firm policy against such practices which is effectively communicated to employees and agents;

(c) a program to educate employees and agents about unlawful discriminatory practices, including harassment, under local, state and federal law; and

(d) procedures for the supervision of employees and agents specifically directed at the prevention and detection of such practices.

## **ELEVENTH DEFENSE**

To the extent Plaintiff engaged in acts of misconduct prior to, or during, his employment

with Defendant, which, if known, would have resulted in denial of employment to Plaintiff, any relief awarded to Plaintiff should be reduced, in whole or in part, because Plaintiff engaged in such conduct.

## TWELFTH DEFENSE

The claims in the Complaint, including claims for any emotional or physical injuries or distress incurred in the course and scope of Plaintiff's employment, including any claims for recovery of medical costs or expenses allegedly incurred with any of them, are barred by the exclusive remedy provisions of the New York Worker's Compensation Law.

## THIRTEENTH DEFENSE

Plaintiff's claims fail to the extent that after-acquired evidence bars his entitlement to relief.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert additional defenses based on facts learned in discovery.

**WHEREFORE**, Defendant demands judgment dismissing the Complaint in its entirety and all claims asserted therein with prejudice, awarding judgment in favor of the Defendant and granting them such other and further relief as the Court deems just and proper, including the costs and disbursements of this action, and their attorneys' fees, where applicable.

Dated: New York, New York
      December 4, 2023

LITTLER MENDELSON, P.C.


By: */s/ Emily C. Haigh*_____
    Emily C. Haigh,
    ehaigh@littler.com
    Vinay Patel
    vpatel@littler.com
    900 Third Avenue
    New York, NY  10022.3298
    Telephone:  212.583.9600
    Facsimile:  212.832.2719

    *Attorneys for Defendant WBD*