**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------X

MATTHEW ISAAC FELDER,

                    Plaintiff,

          - against -

WARNER BROS. DISCOVERY, INC.,

                  Defendant.

-------------------------------------------------------------------------X

**23 Civ. 8487 (AT) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

On December 5, 2025, Plaintiff Matthew Felder ("Felder") filed a letter-motion challenging the document production made by Defendant Warner Bros. Discovery, Inc. ("WBD"), pursuant to the Court's Opinion & Order dated June 20, 2025 ("O&O"), concerning WBD's prior internal investigation that led to Felder's termination. (Dkt. Nos. 66 (publicly filed letter) & 65 (letter filed under seal with exhibits)). Felder asserts that WBD improperly redacted certain documents, and withheld others, on privilege grounds. (Dkt. No. 66). Felder asks that the Court either compel WBD to produce the documents in unredacted form or, in the alternative, conduct an *in camera* review to assess the appropriateness of WBD's redactions and withholding of documents. (*Id.* at 1).

WBD submitted a letter in response on December 10, 2025, contending that its redactions and withholding of documents are appropriate based on attorney-client privilege and/or the work product doctrine and that Felder's motion should be denied. (Dkt. No. 67). However, WBD also states that it is "ready and willing to

defend its redactions and withholdings of documents that Plaintiff identifies on the privilege log and to comply with in-camera review, if the Court so desires." (*Id.* at 3).

Felder's challenges are divided into four categories. (*See* Dkt. No. 66 at 2-3). The first category is "Documents Redacted Based on 'Mental Impressions' of a Non-Lawyer." (*Id.* at 2). Felder argues that these redactions are improper because "[n]on-attorneys authored the documents, so they cannot reflect legal counsel's mental impressions or legal theories." (*Id.*). He further contends that the Court's O&O allowed only opinion work product or mental impressions "of an attorney" to be withheld or redacted. (*Id.* (citing O&O at 49)). WBD counters that the O&O found that non-lawyer WBD investigators who participated in the internal investigation at the direction of WBD's counsel fall within the scope of the attorney-client privilege. (Dkt. No. 67 at 3 (citing O&O at 30)). As a result, WBD contends, the O&O found that documents containing the mental impressions of the non-attorney investigators are protected by the work product doctrine and, to the extent communicated to others at WBD, the attorney-client privilege. (*Id.*).

The Court can resolve this dispute now—but not on the basis of the arguments put forth by the parties. Felder and WBD are both incorrect in contending that the O&O decided that opinion work product and mental impressions of non-attorneys were (according to Felder) or were not (according to WBD) among the documents the Court ordered be produced. The O&O did not rule in favor of either side on that question, which was not specifically presented in the

arguments before the Court.  The Court addresses it now, in accordance with relevant legal authority.

In 1970, Fed. R. Civ. P. 26 was amended to extend work product protection to materials prepared in anticipation of litigation by or for a "party or its representative," including not only the party's attorney, but also (among others) its "agent."  Fed. R. Civ. P. 26(b)(3).  Ever since, it has been clear that "the work-product doctrine is not limited to documents prepared by an attorney or documents that reflect an attorney's mental processes."  *ECDC Envt'l, L.C. v. N.Y. Marine & Gen. Ins. Co.*, No. 96 Civ. 6033 (BSJ) (HBP), 1998 WL 614478, at *15 (S.D.N.Y. June 4, 1998); *see also Atl. Ritchfield Co. v. Current Controls, Inc.*, No. 93 Civ. 950E(H), 1997 WL 538876, at *3 (W.D.N.Y. Aug. 21, 1997) ("[I]t is of no consequence that most of the subject documents were prepared by non-attorneys. Beyond applying to documents prepared by attorneys, the work product privilege applies also to documents prepared by a 'party' and 'representatives' of that party, including consultants, sureties, indemnitors, insurers and agents.").  Thus, for example, interview notes prepared by non-lawyers who were "supervised by and acting at the direction of an attorney" have been held to be protected by the work-product doctrine.  *SEC v. Strauss*, No. 09 Civ. 4150 (RMB) (HBP), 2009 WL 3459204, at *6 (S.D.N.Y. Oct. 28, 2009).

The Court previously found that both the attorney-client privilege and work product doctrine apply to WBD's investigation materials and that WBD non-lawyers who conducted interviews were acting at the direction of counsel.  (O&O at 30).  The

Court also found a waiver of these privileges, but limited the scope of the waiver to factual materials. (*Id.* at 48-49). Excluded from the scope of the waiver were "opinion work product" as well as "mental impressions or conclusions." (*Id.*). To be sure, the O&O added "of an attorney," but that qualification was not intended as a ruling that such materials must be produced if prepared by a non-lawyer. Consistent with the background legal principle described above, the Court now clarifies that such materials—to the extent the other requirements of work product protection apply to them—fall within the exclusion even if prepared by non-lawyers.

Felder's other three categories are "Redactions Concerning Underlying Statements and/or Facts," "Redactions of Communications Without Legal Counsel," and "Documents Withheld Without Any Credible Basis." (Dkt. No. 66 at 2-3). Based on the Court's review of Felder's letter, the redacted documents attached thereto (Dkt. No. 65 Exs. B-M), and WBD's response, Felder has not demonstrated that WBD improperly withheld or redacted any documents. The Court thus finds no basis to compel WBD at this time to produce any additional documents or to unredact any information. Instead, the Court will conduct an *in camera* review of a representative sampling of the redacted and/or withheld documents to assess whether WBD has properly implemented the Court's rulings in the O&O. *See, e.g.*, *Sparrow Fund Mgmt. LP v. MiMedx Grp., Inc.*, No. 18 Civ. 4921 (PGG) (KHP), 2021 WL 1930294, at \*4 (S.D.N.Y. May 13, 2021) (following this approach); *INVISTA S.a. r.l. v. E.I. du Pont de Nemours & Co.*, No. 08 Civ. 7270 (BSJ) (DF), 2010 WL 11712411, at \*1 (S.D.N.Y. Feb. 17, 2010) (same).

Accordingly, by no later than Wednesday, December 17, 2025, Felder may select up to 20 documents from WBD's privilege logs for *in camera* review and identify them to WBD.[1]  By no later than Friday, December 19, 2025, WBD shall provide unredacted versions of those documents to the Court for *in camera* review.  WBD may do so either by sending a hard copy to my Chambers or by sending an electronic copy to the Chambers e-mail address.

**SO ORDERED.**

DATED:      New York, New York
            December 15, 2025

_____
GARY STEIN
United States Magistrate Judge

---

[1] These may include some or all of the redacted documents attached as Exhibits B through M to Felder's letter.  The Court's legal ruling above that mental impressions of a non-lawyer qualify for work product protection does not preclude Felder from seeking *in camera* review of documents described as such in WBD's privilege log.