**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------X
                                                                         :
MATTHEW ISAAC FELDER,                                                    :
                                                                         :
                                    Plaintiff,                           :        **23 Civ. 8487 (AT) (GS)**
                                                                         :
                  - against -                                            :        **ORDER**
                                                                         :
WARNER BROS. DISCOVERY, INC.,                                            :
                                                                         :
                                    Defendant.                           :
                                                                         :
-------------------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

Pursuant to the Court's Order dated December 15, 2025 (the "December 15 Order") (Dkt. No. 68 at 5), Defendant Warner Bros. Discovery, Inc. ("WBD") provided 20 documents, which had been redacted or withheld on attorney-client privilege and/or attorney work product grounds, for the Court's *in camera* review. (Email to Chambers dated Dec. 19, 2025). These documents were selected by Plaintiff Matthew Felder ("Felder") from WBD's privilege log. (*See* Dkt. No. 68 at 5). They have been identified by WBD using the numbers assigned to them in the privilege log (*e.g.*, "PRIV0018"). The Court has completed its *in camera* review and makes the following rulings with respect to Felder's motion to compel production of documents withheld or redacted by WBD on privilege grounds (Dkt. No. 66).

Internal WBD Documents Concerning the Investigation

The Court upholds as proper WBD's privilege assertions as to the following documents: PRIV0018, PRIV0044, PRIV0047, PRIV0050, PRIV0053, PRIV0064, PRIV0094, PRIV0108, PRIV0109, PRIV0153, PRIV0175, PRIV0179, and PRIV0203.

These are all internal WBD documents concerning the internal investigation at issue, including emails and typewritten notes.

In his letter of December 5, 2025, Felder challenged the withholding or redaction of these documents because they were authored by non-lawyers, and requested that WBD be ordered to produce any information in these documents containing "underlying facts or summaries of the investigation." (Dkt. No. 66 at 2-3 & nn. 3, 5, 6). As explained in the Court's December 15 Order, however, the fact that a document was authored by a non-lawyer does not mean that it cannot qualify for work product protection. (Dkt. No. 68 at 2-4). In addition, some of these emails also reflect communications with WBD in-house counsel. The Court did not see factual material in these documents within the scope of the waiver previously found in the Court's June 20, 2025 Opinion & Order (the "June 20 O&O") (Dkt. No. 55).

Felder noted in his December 5 letter that, in some documents, such as PRIV0108 and PRIV0109, redactions "are contained between facts gathered from the investigation," which Felder contended made it "highly unlikely that the redactions at issue constitute legal mental impressions." (Dkt. No. 66 at 3). The Court can appreciate why Felder would be suspicious of those redactions. However, having reviewed the documents in unredacted form, the Court found that the author of these documents did, in fact, intermingle his or her mental impressions, suggestions about investigative steps, and other non-factual comments along with narratives of facts learned from witnesses. The latter notations were appropriately produced by WBD, while the former were appropriately redacted given the Court's

rulings, including the clarification in the December 15 Order that work product protection for non-factual information in documents prepared by non-attorneys involved in the investigation has not been waived.  (*See* Dkt. No. 68 at 3-4).

PRIV0070 and PRIV0072

WBD states that due to a technical error, PRIV0072 was mistakenly produced with full-page redactions and that WBD would be reproducing the document (as well as PRIV0077) with amended redactions.  The proposed amended redactions appear appropriate to the Court.

PRIV0070 includes an email from Grissel Seijo dated August 17, 2022 at 8:31 (appearing on page EML00039091_0001), the text of which has been redacted.  That same email appears as part of PRIV0072, and WBD states that the email will be produced in unredacted form when PRIV0072 is reproduced with amended redactions.  If that is the case, then the email should also be produced in unredacted form as part of PRIV0070.  Further, the email contains information that, in the Court's view, is of a factual nature falling within the scope of the waiver found in the June 20 O&O.  Accordingly, this email should be unredacted.  The remaining redactions to other emails contained within PRIV0070 are proper.

Third-Party Communications with the Client

 The 20 documents also include communications with the WBD client (the "Client") whose employee was allegedly harassed during the WBD-sponsored event that led to the internal investigation.  There are four such documents: PRIV0026, PRIV0130, PRIV0133, and PRIV0222 (the "Client Documents").  The first three of

3

these include emails between WBD employees involved in the investigation and employees of the Client; these have been withheld in their entirety by WBD.  The last document (PRIV0222) consists mainly of typewritten notes of meetings held on various dates between August 1-4, 2022, including internal WBD meetings and one meeting between WBD and the Client held on August 4, 2022 (the "August 4 Client Meeting").  Most of the notes relating to the August 4 Client Meeting have been produced, but two passages of the notes have been redacted.

WBD's privilege log claims both attorney-client privilege and attorney work product protection with respect to the Client Documents.  (Dkt. No. 65-1 at 7, 32, 54).[1]  Based on its *in camera* review of the Client Documents, the Court finds that neither privilege assertion is warranted.

As for attorney-client privilege, the Court sees no basis for this claim.  The Client was a separate, unaffiliated third party outside the scope of WBD's privilege with its own counsel.  Even if the purpose of WBD's communications with the Client was to obtain information in furtherance of WBD's internal investigation, that does not make these third-party communications privileged.  "[A] communication between an attorney and a third party does not become shielded by the attorney-client privilege solely because the communication proves important to the attorney's ability to represent the client."  *United States v. Ackert,* 169 F.3d 136, 139 (2d Cir.

---

[1] For PRIV0133, an email thread, the relevant field of WBD's privilege log lists only attorney work product protection.  (Dkt. No. 65-1 at 32).  Since PRIV0133 largely overlaps with the email threads at PRIV0026 and PRIV0130, and WBD designated PRIV0026 and PRIV0130 as protected by both attorney-client privilege and the work product doctrine (*id.* at 7, 32), the Court assumes this was a mistake and that WBD intended to claim attorney-client privilege over PRIV0133 as well.

1999); *see also Merck Eprova AG v. Gnosis S.p.A.*, No. 07 Civ. 5898 (RJS) (JCF), 2010 WL 3835149, at *2 (S.D.N.Y. Sept. 24, 2010) ("[W]hen an attorney seeks out a third party to provide information . . ., the communications between the attorney and the third party are not privileged."). Further, to the extent the Client Documents reflect any WBD attorney-client privileged communications—and this appears to be the case with only one of the documents, at most[2]—WBD waived the privilege by sharing those communications with a third party. *See Spencer-Smith v. Ehrlich*, No. 23 Civ. 2652 (LJL), 2024 WL 4416581, at *3 (S.D.N.Y. Oct. 4, 2024) ("As a general rule, the attorney-client privilege is waived when communications are made in the presence of a third party whose presence is known to the client or when the client subsequently reveals the communications to a third party.").

"The common interest doctrine 'is an exception to the general rule that voluntary disclosure of confidential, privileged material to a third party waives any applicable privilege.'" *HSH Nordbank AG New York Branch v. Swerdlow*, 259 F.R.D. 64, 71 (S.D.N.Y. 2009) (quoting *Sokol v. Wyeth, Inc.,* No. 07 Civ. 8442 (SHS) (KNF), 2008 WL 3166662, at *5 (S.D.N.Y. Aug. 4, 2008)). But WBD does not assert a common interest privilege either in its privilege log or in its *in camera* submission. Nor do the Client Documents bear any "Common Interest Privilege" designation or other indicia that they were intended to be privileged. Further, in arguing that its internal investigation was privileged in the first instance—an argument that the

---

[2] The emails in PRIV0026, PRIV0130, and PRIV0133 are mainly about scheduling and do not appear to contain or reflect any legal advice or attorney-client communications. Only the notes in PRIV0222 arguably reflect attorney-client communications.

Court agreed with in the June 20, 2025 O&O—WBD asserted, *inter alia*, that it feared it could be sued by the Client.  (*See* Dkt. No. 34 at 2 (stating that "WBD undertook its investigation with reasonable anticipation that there could come litigation from," *inter alia*, "the client company"); *see* Dkt. No. 55 at 30-31).  This assertion would vitiate any claim that WBD and the Client shared a "common" legal interest in the investigation.  Accordingly, WBD's attorney-client privilege assertion over the Client Documents is rejected.

The Client Documents also are not entitled to work product protection.  To the extent the documents reflect protected work product, a party waives work-product protection "if his disclosure to a third party 'substantially increases the opportunity for potential adversaries to obtain the information.'"  *Oakley v. MSG Networks, Inc.*, No. 17 Civ. 6903 (RJS), 2025 WL 307413, at *2 (S.D.N.Y. Jan. 27, 2025) (quoting *Williams v. Bridgeport Music, Inc.*, 300 F.R.D. 120, 123 (S.D.N.Y. 2014)).  Here, as just noted, WBD has admitted that the Client itself was a potential adversary.  Hence any work product protection was waived.  Indeed, even if the Client could be viewed as simply a witness, work product protection would be waived.  *See, e.g.*, *Samad Bros., Inc. v. Bokara Rug Co.*, No. 09 Civ. 5843 (JFK), 2010 WL 5095356, at *3 (S.D.N.Y. Dec. 13, 2010) ("To the extent the disputed emails contain any mental impressions or litigation strategy, the work product protection was waived by disclosing them to Mr. Kapoor, who is a third party witness." (citing *Ricoh Co. Ltd. v. Aeroflex Inc.*, 219 F.R.D. 66 (S.D.N.Y. 2004)).

The Court therefore finds that Documents PRIV0026, PRIV0130, and PRIV0133 must be produced, with the exception of the first email in the email thread in PRIV0133, which is an internal WBD email subject to work product protection.  In addition, WBD must produce in unredacted form the August 4 Client Meeting notes, removing the redactions on pages EML00407741_0007 and _0008 of PRIV0222.[3]

PRIV0224

PRIV0224 consists of emails from March 2023 between Anna Wingert, WBD's VP for People & Culture, and a WBD account executive relating to Felder's claim against WBD.[4]  The Court agrees with WBD that this document is protected by attorney-client privilege because Wingert was acting at the direction of counsel and that it does not come within the scope of the waiver found in the Court's June 20 O&O relating to WBD's internal investigation conducted in August 2022.  Therefore, this document need not be produced.

Conclusion

For the reasons set forth above, WBD is directed to produce or reproduce the following documents consistent with this Order: PRIV0070, PRIV0026, PRIV0130, PRIV0133, and PRIV0222.  As noted in the December 15 Order, the *in camera* review was limited to a "representative sampling" of documents withheld or

---

[3] There is one other redaction on the first page of PRIV0222 which relates to an internal WBD meeting.  The Court has reviewed the material that was redacted and has determined that the redaction is appropriate.

[4] Although Felder did not commence this action until September 26, 2023, he had filed a charge with the Equal Employment Opportunity Commission on December 13, 2022.  (Dkt. No. 1 ¶ 13).

redacted by WBD on privilege grounds in order to test the validity of those assertions.  (Dkt. No. 68 at 4).  Accordingly, WBD is further directed to review its privilege designations as a whole and produce or reproduce any documents (including any other documents reflecting communications with the Client) that were withheld or redacted in a manner inconsistent with the rulings set forth in this Order.

The Clerk is respectfully requested to close the motion pending at Docket Number 66.

**SO ORDERED.**

DATED:     New York, New York
           February 9, 2026

_____
GARY STEIN
United States Magistrate Judge