

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY  10022.3298

# MEMO ENDORSED

Emily C. Haigh
212.497.8483 direct
212.583.9600 main
646.417.6202 fax
ehaigh@littler.com

March 10, 2026

**VIA ECF**

Magistrate Judge Gary Stein
United States District Court
Southern District of New York
500 Pearl Street, Room 702
New York, NY 10007

Re:     ***Matthew Felder v. Warner Bros. Discovery Inc., 23-cv-08487 (AT)(GS)***

Dear Judge Stein:

This firm is counsel to Defendant Warner Bros. Discovery Inc ("WBD" or "Defendant") in the above-refenced action. I write pursuant to Rule H(2) of your Honor's Individual Rules and Practices seeking approval to redact from public filings the name of a non-party who was a guest at a WBD client event (hereinafter the "Client Guest"). The Client Guest will be referenced in deposition transcripts and documents filed with WBD's forthcoming motion for summary judgment. (Dkt. No. 69-70.) WBD is due to serve its Rule 56.1 statement of facts on Plaintiff on March 25, 2025 and WBD would like to prepare redactions prior to that date. We have conferred with Plaintiff's counsel, and they consent to this request.

The reason for this request is that the documents that WBD seeks to have filed with redactions involve highly sensitive events involving nonconsensual touching and harassment of the Client Guest who attended a WBD event. The Client Guest is not a party to this action and WBD seeks to protect their privacy interests. The name and identity of this individual is referenced in numerous places throughout the deposition transcripts and documents that will be presented to the Court on the summary judgment motion. In contrast, WBD does not seek to redact the name of its former employee who was involved in the nonconsensual touching and harassment of the Client Guest or the names of others who were involved in these events. The public's right of access is not affected with respect to the bulk of the summary judgment submissions that will be made by the Parties.

Sealing requests are governed by a three-part balancing test set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).  In connection with this analysis, although the Court must consider the right of the public to monitor court proceedings, this interest must be balanced against the privacy interests of innocent third parties. *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995); *Lawson v. Paramount Global*,  2025 U.S. Dist. LEXIS 218032, at *2

littler.com

Magistrate Judge Gary Stein
March 10, 2026
Page 2

(S.D.N.Y. Oct. 31, 2025); *JLM Couture v. Gutman*, 2021 U.S. Dist. LEXIS 145310 at *3-4 (S.D.N.Y. Aug. 2, 2021).

In cases involving allegations of sexual assault and other intimate matters, courts regularly grant requests to redact such information or file it under seal. *Dixon v. Reid,* 2025 U.S. Dist. LEXIS 259244, *4-5 (S.D.N.Y. Dec. 15, 2025) (approving redactions to summary judgment briefs of names of sexual assault victims); *Watson v. NYDOE 2,* 2025 U.S. Dist. LEXIS 182633, at *51 (S.D.N.Y. Sept. 17, 2025) (granting request to seal the identities of four non-party individuals who are alleged to have been victims of sexual harassment, discrimination or assault); *Eckhart v. Fox News Network,* 2024 U.S. Dist. LEXIS 218702, at *5-6 (S.D.N.Y. Dec. 2, 2024) (redacting names of women who are alleged to have been sexually involved with male supervisor); *Doe v. Gooding,* 2021 U.S. Dist. LEXIS 141877, at *8 (S.D.N.Y. July 29, 2021) (redacting names of sexual assault victims).

Here, WBD seeks to protect the privacy of a non-party concerning events that occurred at a WBD event to the Client Guest. The identity of this individual will have minimal relevance to the Court's summary judgment decision, and their privacy interest outweighs the presumption of public access. *SEC v. Ripple Labs Inc.,* 2023 U.S. Dist. LEXIS 85787, at *22 (S.D.N.Y. May 16, 2023). Therefore, we submit that the Court can balance the right of public access to judicial documents against the third-party privacy concerns by approving the request for the limited redactions regarding the name of the non-party witness.

Respectfully submitted,

*/s/ Emily C. Haigh*

cc via ECF: Plaintiff's counsel

Defendant is granted leave to file under seal any documents associated with the anticipated motion for summary judgment which are subject to this letter motion. Upon filing, the Court will rule on this letter motion. SO ORDERED.

Date:   March 16, 2026

Gary Stein
United States Magistate Judge
Southern District of New York