**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

MATTHEW ISAAC FELDER,

Plaintiff,

- against -

WARNER BROS. DISCOVERY, INC.,

Defendant.

---------------------------------------------------------------X

**23 Civ. 8487 (AT) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

Plaintiff Matthew Felder submitted a letter motion requesting to redact several exhibits to his December 5, 2025 letter-motion to compel. (Dkt. No. 64). Plaintiff explains that the redactions were requested by Defendant Warner Bros. Discovery, Inc. to protect "individuals' privacy" and Defendant's "client relationships." (*Id.* (internal quotation marks omitted)). Plaintiff submitted redacted versions of exhibits publicly on the docket, and submitted unredacted versions under seal. (*See* Dkt. Nos. 65, 66).

The Court has reviewed the relevant documents and finds that the proposed redactions comport with the applicable standard for sealing under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Because the documents constitute portions of the parties' briefing for the motion to compel, they are clearly "judicial documents." *Church & Dwight Co. v. SPD Swiss Precision Diagnostics GmbH*, No. 14 Civ. 585 (AJN), 2017 WL 11899387, at *3 (S.D.N.Y. Dec. 1, 2017). "Thus, such documents receive a presumption of public access rooted in both the

common law and the First Amendment." *Id.* (citing *Lugosch*, 435 F.3d at 119–20). "Public access may be denied only where competing interests outweigh the presumption." *Ferrand v. Lyonnais,* 106 F. Supp. 3d 452, 454 (S.D.N.Y. 2015).

However, the presumption of public access is relatively modest here, as the redacted information was submitted in relation to a discovery dispute and did not play a material role in the Court's decision on the motion to compel (Dkt. No. 77). *See Giuffre v. Maxwell*, 146 F.4th 165, 171 (2d Cir. 2025) (noting that, although discovery motions are still "entitled to a 'substantial' presumption of public access," they are non-dispositive and hence the presumption is a "lesser one than that accorded dispositive motions"); *20230930-DK-Butterfly-1, Inc. v. HBC Invs. LLC*, No. 24 Civ. 3370 (MKV), 2025 WL 2782334, at *18 (S.D.N.Y. Sept. 30, 2025) (redacted allegations afforded a "much weaker presumption of public access" when redacted material was "irrelevant to the Court's analysis."), *aff'd*, 180 F.4th 490 (2d Cir. 2026).

Moreover, the limited redactions are narrowly tailored to protect the identity of individuals connected to the events at issue in this action. (Dkt. Nos. 65-2, 65-3, 65-5, 65-6, 65-7, 65-9, 65-10, 65-11, 65-12, 65-13). Certain redactions also redact the names of individuals at Defendant's clients, and the names of those clients. (Dkt. Nos. 65-5, 65-7, 65-10, 6-12). Under the circumstances, the interests in protecting the individuals' privacy, as well as Defendant's client relationships, are sufficient to outweigh the presumption of access. *See Cardwell v. Davis Polk & Wardwell LLP,* No. 19 Civ. 10256 (GHW), 2022 WL 17175759, at *2 (S.D.N.Y. Nov. 23, 2022)

(granting motion to seal third-party names and identifying information because the "privacy interests of the innocent third parties substantially counsel against disclosure of the information that Defendants seek to redact"); *Palantir Techs., Inc. v. Jain*, No. 25 Civ. 8985 (JPO), 2026 WL 622007, at *18 (S.D.N.Y. Mar. 5, 2026) (permitting redactions and sealing of documents containing "personally identifying information of individuals, personal information related to non-parties, [and] the names of customers or clients that are not publicly disclosed"). The Court thus finds it appropriate to maintain the unredacted version of the letter-motion to compel under seal. Plaintiff's motion is **GRANTED**.

**SO ORDERED.**

DATED: New York, New York
September 2, 2026



The Hon. Gary Stein
United States Magistrate Judge